# STATE OF MICHIGAN

# COURT OF APPEALS

STEPHEN EMSLEY and ANN MARIE EMSLEY,

Plaintiff-Appellant,

v

LYON CHARTER TOWNSHIP BOARD OF TRUSTEES and CERTAIN UNKNOWN PUBLIC OFFICIALS,

Defendants-Appellees.

UNPUBLISHED
March 27, 2018

No. 337123
Oakland Circuit Court
LC No. 2016-153657-CZ

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Plaintiffs Stephen and Ann Marie Emsley appeal as of right the trial court's order granting summary disposition in favor of defendants Lyon Charter Township Board of Trustees (the board) and Certain Unknown Public Officials (unknown officials) in this action brought under the Open Meetings Act (OMA), MCL 15.261 *et seq.* We reverse and remand for further proceedings regarding injunctive relief, but affirm the summary dismissal of the claims for declaratory relief and money damages.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2016, the board held a "special meeting" regarding township road projects, which meeting included the board going into a "closed session" on a matter encompassing attorney-client privileged communications. Public notice of the special meeting was provided by the board. An agenda concerning the special meeting was prepared, and the agenda indicated, under item 7, that there would be a closed-session portion covering attorney-client privileged communications. Three members of the public attended the special meeting (not plaintiffs). After item 6 on the agenda was concluded, the board, on a motion by a unanimous voice vote, moved into closed session on item 7.

At a regularly scheduled board meeting held on May 2, 2016, draft minutes of the special meeting were presented to and approved by the board; however, the minutes did not include any reference to the closed session that took place at the special meeting. As reflected in affidavits by the township clerk and the board's recording secretary, the township clerk was at the special meeting but the recording secretary was not present, the township clerk took the recording of the special meeting and gave it to the recording secretary, the recording secretary prepared the

-1-

minutes of the special meeting based on the recording, and the recording secretary inadvertently and unintentionally did not refer to the closed session in the draft minutes. Later, the township clerk prepared the final minutes of the special meeting for purposes of public posting, discovered the omission regarding the closed session at the special meeting, and corrected the oversight by noting in the minutes that a closed session occurred during the special meeting. These minutes indicated that the closed session was called by a voice vote of the board, and the minutes did not provide any details regarding why the board went into closed session.[1] On May 13, 2016, plaintiff Stephen Emsley, who had learned from another person that the closed session took place at the special meeting, sent the township a request for the minutes of the special meeting, and the township clerk provided him with the final minutes that showed the closed session.

On June 24, 2016, plaintiffs filed suit against the board and unknown officials. The complaint alleged that the board went into closed session at the special meeting, that there was no motion indicating the purpose of the closed session, that no roll call vote was taken, as opposed to the voice vote that did take place, that no minutes revealed "the purpose of the closed session" or that a roll call vote was taken, that the public was asked to leave for the closed session, and that the minutes approved on May 2, 2016, did not state that a closed session occurred or that a vote was taken to go into closed session. Plaintiffs further alleged that new minutes were later prepared by an unknown official,[2] that the new minutes referred to an adjournment at the special meeting in order to move into closed session, that the new minutes did not indicate that this was a correction of the approved minutes, that the board never approved or passed the new altered minutes, and that the OMA required a roll call vote on any closed session, a disclosure of the purpose of the closed session, and inclusion of the closed session's occurrence in the minutes. In the prayer for relief, plaintiffs sought: injunctive relief, compelling compliance with the OMA and enjoining any further noncompliance; declaratory relief, asking the court to find that the OMA was violated; money damages for any intentional violation of the OMA; invalidation of any decisions made in violation of the OMA; and compulsion of the preparation of minutes that comply with the OMA.

In the face of plaintiffs' complaint, the board conducted a reenactment of the special meeting, attempting to correct any OMA procedural errors made at the original special meeting and followed by the preparation of minutes for the reenactment meeting.[3] Plaintiffs then filed a

---

[1] As later revealed in discovery, the closed session was to discuss an attorney-client written legal opinion containing advice regarding township fire department matters.

[2] As indicated above, it was done by the township clerk, but plaintiffs did not know that at the time.

[3] The board did the reenactment in an effort to comply with MCL 15.270(5), which provides as follows:

> In any case where an action has been initiated to invalidate a decision of a public body on the ground that it was not taken in conformity with the requirements of this act, the public body may, without being deemed to make any admission contrary to its interest, reenact the disputed decision in conformity with this act. A decision reenacted in this manner shall be effective from the date of

first amended complaint, deleting their prior request to invalidate any board decision made in violation of the OMA. Next, defendants filed a motion for summary disposition, and plaintiffs filed a motion for leave to file a second amended complaint, asking to add the township clerk as a defendant, as plaintiffs had now learned of her role in altering the minutes for the special meeting. Plaintiffs also wished to add allegations that there was a pattern of ongoing OMA violations by the board dating back to 2008; no such allegations were included in the first two complaints.

In the motion for summary disposition, defendants argued that the service of process on unknown officials was insufficient, so "they" should be dismissed. Defendants further contended that, for purposes of the OMA, plaintiffs failed as a matter of law to show an intentional violation of the OMA, to set forth a viable claim for injunctive relief, and to establish entitlement to declaratory relief. In response, plaintiffs argued that they were no longer seeking declaratory relief or to invalidate any decision by the board, that the reenactment did not validate a decision, as there was no decision made at the special meeting, that the reenactment could not undo all of the OMA procedural violations, that injunctive relief was appropriate because there had been a history of ongoing OMA violations relative to closed sessions since 2008,[4] that the board and township clerk had engaged in intentional violations of the OMA in regard to minutes for closed sessions, and that plaintiffs were seeking to remove unknown officials from the complaint and add the township clerk.

The trial court granted summary disposition in favor of defendants, issuing a written opinion and order.[5] The court ruled that declaratory relief was not an available remedy under the OMA, that plaintiffs were not entitled to injunctive relief, given that they failed to show "ongoing" violations of the OMA that would continue in the future, and that there was no evidence of an intentional OMA violation, so money damages could not be recovered. The trial court rejected the claim for declaratory relief under MCR 2.116(C)(8), and the rest of the claims were summarily dismissed under MCR 2.116(C)(10). The trial court also denied plaintiffs'

---

reenactment and shall not be declared invalid by reason of a deficiency in the procedure used for its initial enactment.

[4] Plaintiffs asserted that the OMA violations included: the board failed to take roll call votes, as opposed to voice votes, when going into closed sessions; the board failed to indicate the purpose for going into closed sessions; the board and clerk failed to enter into the minutes the purpose for going into closed sessions and to show roll call votes; the board and the clerk failed to take separate minutes for closed sessions; and to the extent that closed sessions concerned attorney-client matters, no specific litigation was identified. Plaintiffs attached numerous meeting minutes from over the years, which showed the board going into executive or closed sessions on voice votes and absent mention of the purpose of such sessions.

[5] We do note that the trial court rejected the argument concerning unknown officials, concluding that the defense of insufficient service of process was waived, where it was not raised in a first responsive pleading. However, the trial court's determination that relief was not available to plaintiffs under the OMA, *infra*, ostensibly encompassed the unknown officials, as well as the board.

request to file a second amended complaint, ruling that any action against the township clerk was time-barred, thereby making amendment futile. Plaintiffs appeal as of right.

## II. ANALYSIS

### A. STANDARDS OF REVIEW AND SUMMARY DISPOSITION TESTS

We review de novo a trial court's ruling on a motion for summary disposition. *Citizens for a Better Algonac Community Schs v Algonac Community Schs*, 317 Mich App 171, 176; 894 NW2d 645 (2016). This Court reviews for an abuse of discretion a trial court's decisions regarding whether to grant or deny injunctive relief under the OMA and whether to invalidate a decision made in violation of the OMA. *Id.* at 177.

With respect to MCR 2.116(C)(8), which provides for summary disposition when a "party has failed to state a claim on which relief can be granted," it tests the legal sufficiency of a complaint. *Beaudrie v Henderson*, 465 Mich 124, 129; 631 NW2d 308 (2001). The trial court may only consider the pleadings in rendering its decision. *Id.* All factual allegations in the complaint are accepted as true. *Dolan v Continental Airlines/Continental Express*, 454 Mich 373, 380-381; 563 NW2d 23 (1997). "The motion should be granted if no factual development could possibly justify recovery." *Beaudrie*, 465 Mich at 130.

In regard to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), explained:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

### B. GENERAL OMA PRINCIPLES

The panel in *Algonac Community*, 317 Mich App at 177-179, relying in part on our Supreme Court's decision in *Speicher v Columbia Twp Bd of Trustees*, 497 Mich 125; 860 NW2d 51 (2014), set forth some basic principles governing the OMA:

> The OMA generally provides that "[a]ll meetings of a public body shall be open to the public and shall be held in a place available to the general public," that "[a]ll decisions of a public body shall be made at a meeting open to the

public," and that, except as otherwise provided, "[a]ll deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public . . . ." MCL 15.263(1) through (3), respectively.

With respect to causes of action available under the OMA, MCL 15.270(1) provides that a person may file "a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of th[e] act." And MCL 15.270(2) empowers a court to invalidate a public body's decision on the basis of OMA violations. The *Speicher* Court noted that MCL 15.270 "does not provide for an award of attorney fees or costs." *Id.* Next, MCL 15.271(1) states that a person may file "a civil action to compel compliance or to enjoin further noncompliance with" the OMA "*[i]f a public body is not complying with th[e] act.*" (Emphasis added.) According to our Supreme Court, MCL 15.271(1) "contemplates an *ongoing* violation, precisely the circumstances in which injunctive relief is appropriate." *Speicher*, 497 Mich at 138 (emphasis added). As construed by the *Speicher* Court, MCL 15.271(4) allows for an award of court costs and actual attorney fees, but only if a party succeeds in obtaining the injunctive relief described in the statute. *Id.* In holding that a party must be successful in obtaining injunctive relief before being entitled to court costs and attorney fees under MCL 15.271(4), the Court in *Speicher* overruled *Ridenour v Dearborn Bd of Ed*, 111 Mich App 798; 314 NW2d 760 (1981), "and its progeny to the extent that those cases allow for the recovery of attorney fees and costs under MCL 15.271(4) when injunctive relief was not obtained, equivalent or otherwise." *Speicher*, 497 Mich at 143. Finally, MCL 15.273(1) provides that "[a] public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees . . . ." See *Speicher*, 497 Mich at 136.

In sum, MCL 15.270 (action to invalidate decision made in violation of the OMA), MCL 15.271 (action for injunctive relief to enjoin ongoing OMA violation and to compel compliance), and MCL 15.273 (action for damages for intentional OMA violation) "create[] a three-tiered enforcement scheme for private litigants[.]" *Speicher*, 497 Mich at 135.

There is no cause of action for declaratory relief available under the OMA. *Algonac Community*, 317 Mich App at 180-181.

## C. OMA – CLOSED SESSIONS AND MEETING MINUTES

There are two statutes in the OMA that directly address closed sessions, MCL 15.267 and MCL 15.268. And MCL 15.267 provides:

(1) A 2/3 roll call vote of members elected or appointed and serving is required to call a closed session, except for the closed sessions permitted under section 8(a), (b), (c), (g), (i), and (j). The roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes of the meeting at which the vote is taken.

(2) A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session. These minutes shall be retained by the clerk of the public body, are not available to the public, and shall only be disclosed if required by a civil action filed under section 10, 11, or 13.

MCL 15.268(e) allows a public body to meet in a closed session to "consult with its attorney regarding trial or settlement strategy in connection with specific pending litigation, but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the public body." And MCL 15.268(h) allows a public body to meet in a closed session to "consider material exempt from discussion or disclosure by state or federal statute." This provision – MCL 15.268(h) – has been construed to encompass an attorney-client exemption under the OMA, allowing discussion of a written legal opinion in a closed session limited to the meaning of any strictly legal advice presented in the written opinion. *People v Whitney*, 228 Mich App 230, 246-247; 578 NW2d 329 (1998); *Booth Newspapers, Inc v Regents of the Univ of Mich*, 93 Mich App 100, 107; 286 NW2d 55 (1979). MCL 15.268(e) and (h) are not referenced in MCL 15.267(1); therefore, closed sessions called pursuant to MCL 15.268(e) and (h) must be by "[a] 2/3 *roll call vote* of members elected or appointed and serving . . . and . . . [t]he roll call vote and the purpose or purposes for calling the closed session shall be entered into the minutes . . . ." MCL 15.267(1) (emphasis added).

In regard to meeting minutes, MCL 15.269 provides, in pertinent part:

(1) Each public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, any decisions made at a meeting open to the public, and the purpose or purposes for which a closed session is held. The minutes shall include all roll call votes taken at the meeting. The public body shall make any corrections in the minutes at the next meeting after the meeting to which the minutes refer. The public body shall make corrected minutes available at or before the next subsequent meeting after correction. The corrected minutes shall show both the original entry and the correction.

## D. DISCUSSION OF OMA ISSUES

The two forms of relief at issue here are injunctive relief and money damages for an intentional violation of the OMA.

## 1. INJUNCTIVE RELIEF

With respect to injunctive relief, which, as indicated above requires an ongoing OMA violation, the Court in *Algonac Community*, 317 Mich App at 182-183, stated:

To be clear, we do not find that the "ongoing" requirement of MCL 15.271(1) ("[i]f a public body is not complying with th[e] act") mandates a showing that a public body, at the time an OMA suit is filed, is in the midst of deliberating a particular matter in violation of the OMA. Rather, if there has been a pattern, within a relevant timeframe, reflecting that a public body has been regularly engaging in activity that violates the OMA, an action for injunctive relief under MCL 15.271 would be proper even if deliberations were not being

-6-

conducted at the precise point in time when an OMA action was filed; the pattern itself could establish "ongoing" violations.[6]

With respect to injunctive relief, the trial court found that, even when viewing the evidence in a light most favorable to plaintiffs, there was no ongoing OMA violation or pattern of violating the OMA that justified relief. The court observed that defendants reenacted the special meeting and closed session to cure any OMA violations or deficiencies. The trial court acknowledged that the proposed second amended complaint referred to a pattern of OMA violations going back to 2008. However, the court agreed with defendants "that injunctive relief is unwarranted because there is no reason to believe [d]efendants will continue to violate the OMA."

We cannot agree with the trial court's analysis and ruling, as it is completely inconsistent with *Algonac Community*. Apparently, the trial court believed that the reenactment reflected that defendants realized their past procedural mistakes concerning closed sessions and would no longer engage in conduct contrary to the OMA. The record contains evidence that for eight years defendants conducted closed sessions in violation of the OMA, with meeting minutes showing that the board almost always employed voice votes instead of roll call votes and almost never declared the purpose or purposes for which closed sessions occurred.[7] This evidence established "a pattern, within a relevant timeframe, reflecting that a public body has been regularly engaging in activity that violates the OMA," i.e., ongoing violations. *Algonac Community*, 317 Mich App at 182-183.[8] The fact that the township clerk indicated that she will

---

[6] By way of example, the *Algonac Community* panel explained:

> For example, if a public body deliberated on 10 separate matters over a one-month period, all in violation of the OMA, the filing of an action for injunctive relief under MCL 15.271 would be appropriate *before* an eleventh matter was entertained the following month even if the tenth matter had been concluded. . . . The same conclusion would likely not be reached if the 10 OMA violations had occurred five years before an OMA injunctive suit was filed, with no current or active violations taking place, nor any violation having transpired during the five-year interim. [*Algonac Community*, 317 Mich App at 183 n 1.]

[7] We do note that roll call votes are not necessary for going into closed session in every instance, MCL 15.267(1); however, the few times a purpose is referred to in the minutes over the years, the purpose is in reference to litigation or attorney-client matters, both of which require a roll call vote as discussed above.

[8] Plaintiffs, citing MCL 15.268(e), spend considerable time arguing that defendants also violated the OMA by failing to indicate by name the specific litigation covered by the attorney-client exception referenced in the few minutes that actually included a mention of why a session was closed. As indicated earlier, MCL 15.268(e) does provide that a closed session is allowed in order for a public body to consult with its counsel "in connection with *specific* pending litigation." (Emphasis added.) However, plaintiffs appear to be making this argument relative to attorney-client communications regarding legal opinions and advice, which, as noted above, is covered by MCL 15.268(h), and which need not even concern litigation.

in the future perform her role in compliance with the OMA and that she will support and encourage all township officials to also do so cannot wash away eight years of violations; it was plaintiffs' lawsuit that essentially forced defendants' hand in halting ongoing OMA violations relative to closed sessions. If we were to accept defendants' logic, public bodies could easily escape OMA lawsuits by simply making promises of future compliance. We must examine patterns of past conduct, not reassurances of compliant conduct in meetings down the road.

We appreciate that plaintiffs' first two complaints did not mention past OMA violations dating back to 2008, focusing instead on the special meeting conducted on April 21, 2016. However, plaintiffs did request injunctive relief, which required a showing of an ongoing violation, and in response to defendants' motion for summary disposition, wherein defendants asserted that there was no such showing, plaintiffs submitted the evidence of eight years of OMA violations. The evidence was properly before the court in the context of summary disposition, MCR 2.116(G)(4). Additionally, as will be discussed below, the trial court should have permitted plaintiffs to file a second amended complaint so as to at least add the allegations of eight years of OMA violations, but excluding the addition of the township clerk as a party.

Moreover, in regard to the reenactment conducted under MCL 15.270(5), the statutory provision pertains to cases "where an action has been initiated to invalidate a decision of a public body," with the result being that the reenacted decision is deemed effective from the date of the reenactment. Here, there was no "decision" tied to the special meeting, and plaintiffs dropped their claim to invalidate any decision, recognizing that there was no decision to invalidate. Defendants' reenactment could not undo the eight years of OMA violations for purposes of *injunctive relief*.

In sum, we agree with plaintiffs' argument that they were entitled to summary disposition under MCR 2.116(I)(2)[9] with respect to the claim for injunctive relief predicated on ongoing OMA violations in connection with procedural failures regarding closed sessions, MCL 15.267 and MCL 15.268.

We must also touch on the taking of minutes for closed sessions. In her deposition, the township clerk testified that she did not take minutes of closed sessions because counsel told her it was not necessary. In response to requests for admissions regarding minutes covering closed sessions, defendants stated "that a set of minutes are taken for all closed sessions which contain the date, time, place, members present and absent and purpose of the closed session . . .[,] [but] [t]he clerk does not summarize matters discussed in a closed session meeting, nor is she required to do so by law." In a slew of meeting minutes supplied to plaintiffs through discovery, one concerned a closed session held on April 5, 2010, which provided details on pending litigation and attorney-client privileged correspondence, and which referenced an annexation matter and the operation of a business out of a person's home.[10] These minutes appear to conflict with

_____

[9] MCR 2.116(I)(2) provides that "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

[10] We cannot ascertain based on the minutes whether these two matters were connected to pending litigation or attorney-client privileged correspondence.

defendants' response to the requests for admissions and the testimony of the township clerk. As cited above, MCL 15.267(2) provides:

> A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session. These minutes shall be retained by the clerk of the public body, are not available to the public, and shall only be disclosed if required by a civil action . . . .

And MCL 15.269(1) provides that "[e]ach public body shall keep minutes of each meeting showing the date, time, place, members present, members absent, *any decisions made at a meeting open to the public*, and the purpose or purposes for which a closed session is held." (Emphasis added.) Accordingly, defendants' answer to the requests for admissions was accurate regarding the necessary contents of minutes *for a closed session*. However, given the inconsistency between the testimony of the township clerk and the response to the requests for admissions, it is unclear whether minutes were actually prepared for all closed sessions. It is unnecessary to resolve the conflict, considering that we have already concluded that plaintiffs were entitled to injunctive relief for other OMA violations. To the extent that minutes were not prepared for closed sessions in compliance with the OMA, defendants shall do so in the future.

## 2. MONEY DAMAGES – INTENTIONAL VIOLATION

MCL 15.273(1) provides that "[a] public official who intentionally violates this act shall be personally liable in a civil action for actual and exemplary damages of not more than $500.00 total, plus court costs and actual attorney fees to a person or group of persons bringing the action." Plaintiffs' only appellate argument concerning an intentional violation of the OMA relates to the township clerk, and for the reasons stated below, plaintiffs failed to show that the trial court erred in denying plaintiffs' effort to file a second amended complaint *as to adding the township clerk as a party*. Therefore, it is unnecessary to determine whether there exists an issue of fact concerning whether the township clerk intentionally violated the OMA. We do note that there was no evidence that any other particular "public official" intentionally violated the OMA.

## E. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

We review for an abuse of discretion a trial court's ruling on a motion to amend pleadings. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 53; 684 NW2d 320 (2004). An abuse of discretion occurs when a trial court's decision results in an outcome falling outside a principled range of outcomes. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 625; 750 NW2d 228 (2008). "If the grounds asserted [in support of summary disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5). "Leave shall be freely given when justice so requires." MCR 2.118(A)(2). A motion to amend a complaint should ordinarily be granted unless there exists undue delay, bad faith or a dilatory motive, repeated failures to cure deficiencies with prior amendments, futility, or undue and actual prejudice. *Weymers v Khera*, 454 Mich 639, 658-659; 563 NW2d 647 (1997).

The trial court's sole ruling on this issue was that a suit against the township clerk was time-barred because a claim for damages must be brought within 180 days of a violation under

MCL 15.273(2).[11]  And plaintiffs, in their appellate brief, simply state that the motion to amend was filed within 180 days after they learned through discovery of the township clerk's true role in OMA violations.  Plaintiffs do not present any supporting authorities or analysis; there is nothing of any relevancy beyond that one statement, which itself is woefully inadequate to undermine the court's ruling.  In *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), our Supreme Court stated:

> "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." [Citation omitted.][12]

Accordingly, we affirm the trial court's decision to not allow plaintiffs to add the township clerk to the action.

The trial court simply did not address the changes or additions in the proposed second amended complaint unassociated directly with the township clerk, which essentially covered plaintiffs' reference to ongoing OMA violations dating back to 2008 in relationship to closed sessions.  Considering that the trial court granted summary disposition in favor of defendants under MCR 2.116(C)(8) and (10) and that leave should be freely given, the court should have allowed the filing of the second amended complaint to the extent that it alleged ongoing OMA violations since 2008.  Regardless, as held earlier, evidence of those violations was properly introduced by plaintiffs in response to defendants' motion for summary disposition, so the proposed second amended complaint is essentially rendered moot on the matter.

---

[11] MCL 15.273(2) does provide that "[a]n action under this section shall be commenced within 180 days after the date of the violation which gives rise to the cause of action."

[12] In their reply brief, plaintiffs extend their argument, maintaining that the limitations period was tolled because the township clerk engaged in deliberate concealment of information that made it impossible for plaintiffs to timely discover her role in the OMA violations.  However, reply briefs are limited to rebuttal and raising an issue for the first time in a reply brief does not suffice to present the matter for appeal.  *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).  Moreover, plaintiffs' lawsuit concerned improper meeting minutes and the township clerk was involved in preparation of meeting minutes, so we find no merit in plaintiffs' excuses for not naming her as a party from the beginning.  Also, we cannot conclude that the township clerk participated in any fraudulent concealment.  And although we do not resolve the issue, we question whether the record supports plaintiffs' assertion that the township clerk intentionally violated the OMA, as opposed to doing so inadvertently, negligently, or recklessly.

## III. CONCLUSION

The trial court erred in granting summary disposition in favor of defendants on plaintiffs' claim for injunctive relief. Instead, plaintiffs are entitled to summary disposition relative to their claim for injunctive relief, and we remand the case for entry of judgment in favor of plaintiffs on that claim and for an award of court costs and actual attorney fees in accordance with MCL 15.271(4). We affirm the trial court's rulings rejecting plaintiffs' claims seeking declaratory relief and money damages for an intentional OMA violation. We also affirm the trial court's decision not to allow plaintiffs to add the township clerk as a party.

Affirmed in part and reversed and remanded in part for proceedings consistent with this opinion. We do not retain jurisdiction. We decline to award taxable costs under MCR 7.219.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan

-11-